No. 3728.—MARY ANN WELLS AND HUSBAND *v.* THE CITIZENS' BANK
OF LOUISIANA.

By the provisions of the charter of the Citizen's Bank of Louisiana a married woman may
become a subscriber to the capital stock of the bank, and bind herself or her property
conjointly with her husband, or *in solido*, cede, mortgage and hypothecate her property
to the bank, the same as if she were a *feme sole*.

A suit is instituted by the wife to annul a sale of her property mortgaged to the bank under this
charter, on the allegation that the loan from the bank inured to the benefit of the hus-
band. Held—That under the provisions of the charter the wife as a subscriber to the ·
capital stock of the bank was authorized to mortgage and hypothecate her separate prop-
erty to the bank, and that a sale regularly made to enforce the mortgage rights upon her
property thus mortgaged was not null because the bank had not shown that the loan
inured to her separate benefit.

APPEAL from the Ninth Judicial District Court, parish of Grant.
*Orsborn*, J. *W. B. Hyman* and *R. J. Bowman*, for plaintiffs and
appellees. *Ryan & White*, for defendant and appellant.

This case was tried by a jury in the court below.

HOWE, J. In 1859 the plaintiff, separate in property from her hus-
band, became a stockholder of the Citizens' Bank, and to secure her
stock note and loan, mortgaged her plantation, which was paraphernal
property. Her husband authorized the transaction.

In May 1870 the property was sold at sheriff's sale under an order of
seizure and sale sued out by the bank, and the bank became the pur-
chaser. In November, 1870, Mrs. Wells instituted this action to
annul the sale, reciting various alleged irregularities and nullities.
The bank answered by a general denial. The cause was tried before
a jury who rendered a general verdict for plaintiff, and judgment
having been rendered thereon accordingly, annulling the sale, the
bank has appealed.

Among the many points made by plaintiff on her pleadings we find
but two which seem to be insisted on as meriting discussion :

*First*—It is alleged by plaintiff, in her supplemental petition, that
"the pretended purchase of stock by petitioner and the pretended loan
made upon said stock to petitioner were the purchase and transactions
of her husband; and the said pretended purchase and loan never
inured to her benefit; but were the speculations and acts of her said
husband." She further alleged that the mortgage was made under
marital influence and did not come under the provisions of the twenty-
fifth section of the charter of the bank.

Admitting that the question thus raised can be examined in an
action to examine a sale, we can not assent to the correctness of the
views of the plaintiff on this point. By the third section of the charter
of the bank it is provided that it shall be competent for all persons
who shall be in good faith the owners and possessors of real property
within this State and to all bodies corporate and politic authorized

and empowered thereto in law, to become subscribers to the capital stock of said bank under the rules and regulations established by this act." Acts of 1833, p. 174. By the eleventh section each stockholder " shall be entitled to a credit equal to one-half the total amount of his stock."

By the twenty-fifth section it is provided that "in all contracts or mortgages entered into by any person or persons with the said corporation for any of the purposes mentioned in this act, if any such person or persons should be married, it shall be lawful for the wife or wives of such person or persons to join in the said contract and to bind themselves conjointly and *in solido* with their husbands, and to renounce, cede, mortgage and hypothecate her rights, privileges, or property, as well dotal as of any other nature or kind whatever."

We think it clear that the effect of these provisions is to render the obligation of the plaintiff perfectly valid. She had a right to become a stockholder; as a stockholder she had a right to a loan; and by the twenty-fifth section the disabilities imposed by art. 2412 of the Code of 1825 were removed.

If the transaction was what it purported to be, a subscription by her, a loan to her, and a mortgage to secure the same, then she was clearly bound, like any other sane person of full age. If, on the contrary, it was by connivance between her and her husband in reality a subscription by him, and a loan to him, then she was bound under the twenty-fifth section. To decide otherwise would be to defeat the object of the charters of the property banks as explained by this court in Bank *v.* Farrar, 1 An. 55. Or, to look at the question from another standpoint, under the regime established by the sixty-first law of Toro and continued by art. 2412 of the Code of 1825, and by the decisions thereunder, the mere allegation by a married woman that the debt upon which she was sued did not inure to her separate benefit, threw on the creditor the burden of proving that it had so inured. But by the provisions quoted, as expounded in the case of Bank *v.* Farrar, the defendant in this action is not subject to this rule. That onus is not on the Citizens' Bank as respects the contracts of stock subscription, loan and mortgage. Since then the plaintiff has merely alleged that these transactions were speculations of her husband, but has not offered a particle of proof to support her allegations, her case on this point must necessarily fail.

*Second*—The plaintiff also relied on the plea of prescription of five years as against the claim which was enforced by the sale under the executory process. We do not think that the plea of prescription can be urged at this time and in this form, even if it ever had any foundation in the facts of the case. The executory proceedings were regular in form, the sale was made, the plaintiff did not attempt to injoin

it on the ground that the debt had been extinguished by prescription, as she might have done without bond under C. P. 739, 740. We imagine it is too late now to attempt to annul a judicial sale on the ground that the debt upon which the order of seizure and sale was granted was prescribed.

On the whole we find no foundation for the verdict of the jury. It is therefore ordered that the judgment appealed from be avoided and reversed, and the verdict set aside. It is further ordered that there be judgment in favor of defendant with costs in both courts.